PER CURIAM.
After Krystal Thomas, through her guardian Antoinette Thomas, entered into a negligence action settlement agreement with the Dade County School Board, the trial court approved the settlement and, ostensibly pursuant to chapter 25C,[1] Dade County Code, entered its order reducing the bill of Variety Children’s Hospital, Inc. for the cost of its treating Thomas’ injuries. The hospital then filed its motion to vacate the order reducing its bill. We observe that the hospital did not intervene in the Thomas/School Board litigation to enforce its lien as chapter 25C, Dade County Code, purports to authorize, and was not otherwise made a party to the litigation, thus it was not subject to the trial court’s jurisdiction. Accordingly, the order reducing the hospital’s bill is void ab initio and the trial court should have granted the hospital’s motion to vacate the order.[2]
The order appealed is reversed and remanded for proceedings consistent herewith.

. Section 25C-2 thereof reads:
“No person shall be entitled to recover or receive damages on account of hospital care, treatment and maintenance unless he shall affirmatively show that he has paid the cost thereof.
"It is specifically provided, however, that in any action, suit or counterclaim brought on account of illness or injury, the plaintiff or counterclaimant may include as an item of damages the cost of such hospital care, treatment and maintenance, if prior to the trial of the action he shall have notified the lienholder referred to in this Act [chapter] of the pen-dency of such action or counterclaim; whereupon such lienholder shah have the right, without leave of court, to intervene in the case and prove the reasonable cost of such hospital care, treatment and maintenance. Any verdict that may be rendered in favor of the plaintiff or counterclaimant shall set forth the amount the jury finds to be due the liénholder for such hospital care, treatment and maintenance and the name of such lienholder. Any judgment rendered in the case in favor of the plaintiff or counterclaimant shall also be in favor of the lienholder in the amount set forth by the jury’s verdict.”

. We do not need to reach the other issues raised.